IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00260-CV

 

Baysystems North America LLC,

                                                                                    Appellant

 v.

 

Rosebud-Lott Independent School District,

                                                                                    Appellee

 

 

 



From the 82nd District
Court

Falls County, Texas

Trial Court No. CV-36,455T

 



ORDER of referral to MEDIATION



 








            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The
policy behind ADR is stated in the statute:  “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.  Accordingly,
we order the parties to participate in mediation.

            The Court assigns retired
Supreme Court Justice Deborah Hankinson as the mediator.  Her address and phone
number are as follows:

                        750
N. St. Paul, Suite 1800

                        Dallas, TX  75201

                        (214)
754-9190

 

            Mediation must occur within sixty
days after the date of this order.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be
present during the entire mediation process, and each corporate party must be
represented by a corporate employee, officer, or agent with authority to bind
the corporate party to settlement.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle, and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
each party must pay a proportionate share of the agreed-upon fee directly to
the mediator.

            Failure or refusal to attend
the mediation as scheduled and to actively participate in the mediation may
result in the imposition of sanctions, as permitted by law.

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived.

 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Davis, and

        Justice
Scoggins

Order
issued and filed January 26, 2011

Do
not publish